# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MEIGAREJO JR., | Case No. 1:23-cv-01704-KES-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| CHARLES SHUYLER,[1] | |
| Respondent. | (ECF No. 8) |
| | ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On May 10, 2022, Petitioner was convicted by a jury of corporal injury to someone in a dating relationship and misdemeanor willful disobedience of a protective order in Fresno County Superior Court case number F22900193. On July 15, 2022, Petitioner was sentenced to an imprisonment term of six years. (LDs[2] 1, 2.) On April 3, 2023, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2.)

---

[1] Charles Shuyler is the Warden of Salinas Valley State Prison, where Petitioner is currently housed. (ECF No. 8 at 1 n.1.) Accordingly, Charles Shuyler is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

[2] "LD" refers to documents lodged by Respondent on April 5, 2024. (ECF No. 10.)

1    On May 10, 2022, Petitioner also pleaded no contest to evading an officer with willful disregard in Fresno County Superior Court case number F20905125. On July 15, 2022, Petitioner was sentenced to an imprisonment term of 384 days. (LDs 3, 4.) On April 5, 2023, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 4.)

On December 11, 2023, Petitioner filed a federal petition for writ of habeas corpus. (ECF No. 1.) On April 5, 2024, Respondent filed the instant motion to dismiss the petition for nonexhaustion, challenging two separate judgments, vagueness, and for lack of jurisdiction over claims that challenge the conviction in Fresno County Superior Court case number F20905125 as Petitioner is no longer in custody under that judgment. (ECF No. 8.) To date, no opposition or statement of non-opposition has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. "In Custody" Requirement

Respondent argues that this Court lacks jurisdiction over claims that challenge Petitioner's conviction in Fresno County Superior Court case number F20905125 because Petitioner is no longer in custody under that judgment. (ECF No. 8 at 4–5.[3])

The federal habeas statute provides that a district court may entertain a habeas application by a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490–91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

> Physical custody is not indispensable to confer jurisdiction. "History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." *Jones v. Cunningham*, 371 U.S. 236, 240, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963). "[T]he boundary that limits the 'in custody' requirement is the line between a 'restraint on liberty' and a 'collateral consequence of a conviction.'" *Williamson*, 151 F.3d at 1183-84 (holding that a habeas petitioner challenging Washington's sex-offender registration law did not

---
[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

2

    meet the "in custody" requirement because the law did not impose a significant restraint on the petitioner's liberty).

Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010).

  "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley v. Municipal Court, 411 U.S. 345, 351 (1973). Thus, a person on parole or probation satisfies the custody requirement. Thornton v. Brown, 757 F.3d 834, 841 (9th Cir. 2013) ("A state parolee is 'in custody' for purposes of the federal habeas statute[.]"); Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) ("[A] petitioner is 'in custody' for the purposes of habeas jurisdiction while he remains on probation.").

  "Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question we must consider.'" Bailey, 599 F.3d at 978 (quoting Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998)). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (internal quotation marks and citation omitted). Further, "[o]nce the moving party has converted the motion to dismiss [for lack of subject-matter jurisdiction] into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003) (citation omitted).

  Here, Respondent has provided the Court with a copy of the minute order of the sentencing hearing in Fresno County Superior Court case number F20905125. (LD 3.) The minute order states that Petitioner was "released on Credit For Time Served. 'THIS CASE ONLY'" on July 15, 2022. (Id.) There is nothing in the record indicating that Petitioner is on parole or probation for case number F20905125, and Petitioner has failed to oppose the motion to dismiss. Accordingly, the Court finds that Petitioner has not established that he was "in custody" for case number F20905125 at the time he filed the instant petition for purposes of the

///

federal habeas statute. Therefore, to the extent the petition challenges the judgment in Fresno County Superior Court case number F20905125, dismissal for lack of jurisdiction is warranted.

### B.  Exhaustion

Respondent also argues that Petitioner has failed to exhaust his claims. (ECF No. 8 at 3.) A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, Petitioner did not seek direct review in the California Supreme Court. (ECF No. 1 at 2–3.) And despite Petitioner's unsupported assertion that he "exhausted all measures with the State of California," (ECF No. 5 at 5), Respondent informs the Court that a search of the California Supreme Court's public online database confirms that Petitioner has not filed any state post-conviction collateral actions with respect to either judgment, (ECF No. 8 at 2 n.3). As it appears Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his claims. 28 U.S.C. § 2254(b)(1). Accordingly, the Court finds that Petitioner's claims are unexhausted and the petition should be dismissed without prejudice.[4]

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 8) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED without prejudice.

---

[4] In light of the Court's conclusions regarding exhaustion and lack of jurisdiction over claims challenging the Fresno County Superior Court case number F20905125 conviction, the Court will not address Respondent's other arguments in the motion to dismiss that the petition violates Rules 2(c) and (e) of the Rules Governing Section 2254 Cases.

Further, the Clerk of Court is DIRECTED to SUBSTITUTE Charles Shuyler as Respondent in this matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 8, 2024**

UNITED STATES MAGISTRATE JUDGE